**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NEAL F.X. KIMBALL, DIETER M. GROLL**,<br>Plaintiffs<br><br>v.<br><br>**TOWN OF PROVINCETOWN, OFFICER SCOTT D. CHOVANEC, CHIEF OF POLICE JEFF D. JARAN**,<br>Defendants | **C.A. No. 1:14-cv-14391 WGY** |

**DEFENDANTS TOWN OF PROVINCETOWN, OFFICER SCOTT D. CHOVANEC, AND CHIEF OF POLICE JEFF D. JARAN'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Now come Defendants Town of Provincetown, Officer Scott D. Chovanec, and Chief of Police Jeff D. Jaran and hereby reply to the Plaintiffs' Opposition to their Motion to Dismiss, as permitted by Judge Young. (Docket #14).

## I. ARGUMENT

### A. Plaintiff Groll Does Not Have Standing To Bring Claims Sounding In Wrongful Eviction As He Was Never A Legal Tenant Of 135 Bradford Street.

In the last page of their Opposition, Plaintiffs baldy state: "This right [Mr. Groll has standing to bring a civil claim stemming from the conversion and unreasonable seizure of his personal property without due process of the law] applies to personal property as well as to real property. Clearly, Groll would have standing to allege a deprivation of personal property as stated in the claim."

Plaintiff Groll was never a legal tenant of 135 Bradford Street. In the Complaint, Plaintiffs admit that Plaintiff Groll's use of 135 Bradford was an "informal sub-tenancy." Thus, Plaintiff Groll cannot claim he was unlawfully evicted from 135 Bradford Street. Furthermore,

even a liberal reading of Counts I and II of the Plaintiffs' Complaint does not show an actionable claim for conversion against the Defendants as to Plaintiff Groll. (Plaintiffs' Amended Complaint, ¶ 83-95).

B. Continuing Violations Doctrine Does Not Apply; Thus, Plaintiffs' Allegations Are Untimely And Must Be Dismissed.

Plaintiffs attempt to assert the Continuing Violations Doctrine as a reason their time-barred claims should be considered timely. However, Plaintiffs mention the doctrine in heading only; they never offer with any validity case law or citations to statute that would allow for tolling of their claims. Their reliance on the Continuing Violations Doctrine is misplaced as the Plaintiffs admit throughout their Amended Complaint they incurred the injury on November 18 and 19, 2011. Thus, they had the ability to timely assert their rights.

The Continuing Violation Doctrine is an equitable exception that saves otherwise time-barred claims if they are based on an ongoing series of acts anchored by similarity to some violation that is not time-barred. Salcedo v. Town of Dudley, 629 F. Supp. 2d 86, Fn. 8 (D. Mass. 2009); *see* O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001). The purpose of the doctrine is to ensure that a plaintiff's claims are not foreclosed in circumstances where a plaintiff needed to see a pattern of mistreatment before becoming aware that earlier individual acts were, indeed, discriminatory. Id. The First Circuit has reaffirmed "although the name of the doctrine may sound auspicious for late-filing plaintiffs, it does not allow a plaintiff to avoid filing suit so long as some person continues to violate his rights." Gorelik v. Costin, 605 F.3d 118, 122 (1st Cir. N.H. 2010)(quoting Pérez-Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008)). Rather, the purpose of this "doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought." Id.

The doctrine is not applicable here, as the alleged injury fully "blossomed" on November 18 and 19, 2011. Plaintiffs were aware of the alleged damage done by the illegal eviction on November 18 and 19, 2011 and therefore should have been aware at that point of the need to assert their rights. (Plaintiffs' Amended Complaint, ¶ 26-38). Plaintiffs admit—multiple times throughout their Complaint, Opposition, and Amended Complaint—that they were evicted from 135 Bradford Street on November 18 and 19, 2011 and felt that "injury" immediately. (Plaintiffs' Amended Complaint, ¶ 26-38). There should be no doubt that the statute of limitations on those incidents began tolling immediately as the Plaintiffs both knew of the alleged injury and who caused such alleged injury, as the Plaintiffs fully admit in their Opposition.

Plaintiffs rely solely on a 1990 decision from the 10th circuit in order to substantiate their assertion that their claims are not time-barred under the continuing violations doctrine. They are mistaken. That case, Robinson v. Maruffi, 895 F.2d 649 (10th Cir. 1990) discussed, *infra*, dealt with a malicious prosecution conspiracy—an issue a great deal different that the matter before this Court. Plaintiffs have categorized the Robinson decision as applicable to the instant case as "we are dealing with a situation in which, in the words of the Robinson trial court, 'wrongful acts [were] a single continuing violation of Plaintiff's constitutional rights tied together by a plan." (Plaintiffs' Opposition, p. 9). Robinson does not address the continuing violations doctrine and cannot be seen to make Plaintiffs' untimely claims timely under that doctrine. For these reasons, the continuing violations doctrine does not apply to the instant case and Plaintiffs' claims are time-barred.

C. The Mere Mention Of A Conspiracy—A Brand New Theory Asserted In Plaintiffs' Opposition—Fails To Save Plaintiffs' Untimely Claims.

In the Plaintiffs' Opposition, they argue that all their claims are timely as the claims they allege are part of a conspiracy between the Defendant Officers and the Landlord intended to deprive the Plaintiffs of their property rights. (Plaintiffs' Opposition, p. 8). The incidents on November 18 and 19, 2011 indisputably fall outside the three-year statute of limitations for all causes of action as alleged in the Plaintiffs' Amended Complaint. (*See generally*, Defendants' Memorandum in Support of their Motion to Dismiss). Plaintiffs now attempt to use the theory of a conspiracy to turn those untimely events timely by linking them to the incident on December 11, 2011. The Defendants—in their Memorandum in Support of their Motion to Dismiss—have asserted that what occurred on December 11, 2011 as alleged by the Plaintiffs does not rise to a violation of either the federal or state civil rights statutes and they reassert that argument here. Thus, Plaintiffs have failed to allege a timely event within the new found theory of conspiracy.

Relying upon Robinson, Plaintiffs have propositioned that there was an implicit agreement between Defendant Chovanec and the Landlord that began when the Landlord called the police station for an "escort" (Amended Complaint Exhibit C) and it is that conspiracy that allows the November 2011 incidents to be considered timely as part of a larger conspiracy that came to fruition on December 11, 2011. However, Robinson dealt with conspiracy that encompassed a malicious prosecution claim—and it was the much later date of when the malicious prosecution accrued that allowed for the untimely claims to be admitted under the conspiracy theory. Robinson v. Maruffi, 895 F.2d 649 (10th Cir. N.M. 1990) (While those claims normally would be considered as untimely, "all such claims here were essentially part of the malicious prosecution conspiracy" which had a later date of accrual and, as such, were timely).

Notably, Plaintiffs' Amended Complaint does not allege a count of conspiracy; however, Plaintiffs' Opposition relies on this theory. Even if Plaintiffs had added a count for conspiracy, it

would fail as well as their other claims. In order to establish a viable conspiracy claim under section 1983, a plaintiff "must show 'an actual abridgement of some federally-secured right.'" Boyle v. Barnstable Police Dep't, 818 F. Supp. 2d 284, 316 (D. Mass. 2011); *citing* Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 14 (1st Cir. 2003); *accord* Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988) ("under section 1983 conspiracy the plaintiff has to prove that 'there [has] been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws'"); Ousley v. Town of Lincoln, 313 F. Supp. 2d 78, 85 (D.R.I. 2004) ("whatever the alleged wrong, be it false arrest, an illegal seizure, or malicious prosecution, a plaintiff alleging a section 1983 conspiracy must establish an actual deprivation of a right secured by the Constitution and laws").

The plaintiff must also establish a conspiratorial agreement. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001) ("actionable conspiracy under section 1983, a plaintiff has to prove not only a conspiratorial agreement but also an actual abridgment of some federally-secured right"). A conspiracy is commonly defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008).

Notwithstanding the Plaintiffs' pro se status, it is their underlying "burden to identify the specific constitutional right infringed." Nieves v. McSweeney, 241 F.3d at 53. The constitutional rights the Plaintiffs have identified in Count One are wrongful eviction and conversion and the First and Fourteenth Amendments. (Plaintiffs' Amended Complaint). However, in their Opposition the Plaintiffs identify the constitutional rights as deprivation of

property without due process of law, in violation of the Fourth and Fourteenth Amendments. (Plaintiffs' Opposition, p. 9). Either way, Plaintiffs have failed to allege an abridgement of their rights under either theory, as the events alleged on December 11, 2011 do not make out a constitutional violation.

Plaintiffs also fail to allege sufficient facts to support a conspiratorial agreement. The Plaintiffs have proposed that an implicit agreement took place when the Landlord called the police station for an escort and Defendant Chovanec responded to that call. Needless to say, it is dangerous territory for this Court to find that a police officer responding to a call for assistance was somehow complicit in a conspiracy with a civilian. (Plaintiffs' Opposition, p. 8-10; Amended Complaint Exhibit C). There is no allegation that the Landlord and Defendant Chovanec knew each other before that encounter, or that Defendant Chovanec knew of the Plaintiffs before November 18, 2011.

The section 1983 conspiracy claim as alleged in the Plaintiffs' Opposition therefore fails to make the events as alleged in the Amended Complaint timely given the failure to provide facts to show the abridgement of the federally secured rights Plaintiffs identify and/or to show a conspiratorial agreement among Defendants.

## II. CONCLUSION

For the above stated reasons, and for all the reasons stated in their Memorandum of Law in Support of their Motion to Dismiss, Defendants Town of Provincetown, Officer Scott D. Chovanec, and Chief of Police Jeff D. Jaran respectfully move this Court to dismiss all counts asserted against them in the Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,
DEFENDANTS,
By their attorneys:

*/s/ Chantelle M. D'Angelo*____________
Douglas I. Louison (BBO #545191)
Email: Dlouison@lccplaw.com
Chantelle M. D'Angelo (BBO #688165)
Email: Cdangelo@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
617-439-0305
FAX: 617-439-0325

Date: April 27, 2015

**CERTIFICATE OF SERVICE**

I, Chantelle M. D'Angelo, hereby certify that on the below date, I served the forgoing Defendants' Reply to Plaintiffs' Opposition to Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiffs' Complaint by causing a copy to be mailed, postage prepaid, directed to:

Neal F.X. Kimball
Dieter M. Groll
49 Bayberry Avenue
Provincetown, MA 02657
*Pro-se Plaintiffs*

Andrew J. Gambaccini, Esq.
Reardon, Joyce & Akerson, PC
4 Lancaster Terrace
Worcester MA 01609
*for Jeff D. Jaran*

Date: April 27, 2015 ________*/s/ Chantelle M. D'Angelo* _________
Chantelle M. D'Angelo

15 TRI 027