**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NEAL F.X. KIMBALL,**<br>Plaintiffs<br><br>v.<br><br>**OFFICER SCOTT D. CHOVANEC, CHIEF OF POLICE JEFF D. JARAN**,<br>Defendants | **C.A. No. 1:14-cv-14391 WGY** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

## I. Statement of Case

The plaintiff originally filed his Complaint in this court on December 11, 2014. (Docket #1). The defendants moved to dismiss the Complaint on March 30, 2015. (Docket #11). In the plaintiff's opposition to that motion to dismiss, he moved the Court to allow him to amend his complaint (Dockets #18-19), and the Amended Complaint was filed on April 16, 2015. (Docket #19). The defendants filed a motion to dismiss the Amended Complaint on April 30, 2015. (Docket #25).

On June 17, 2015, the oral argument on the pending motion to dismiss was held. This Court continued the matter for one month to allow the plaintiff to retain counsel. (Docket #34). The plaintiff did not obtain counsel. (See, *generally*, Docket).

On January 26, 2016, this Court granted the defendants' motion and dismissed the entirety of the plaintiff's Amended Complaint, "except as to Kimballs claim under Section 1983 based on an unreasonable seizure." (Docket #35). The plaintiff filed a motion for reconsideration, and memorandum in support thereof, on February 8, 2016 (Docket #38), which this Court denied on February 10, 2016. (Docket #42).

On March 23, 2016, a Scheduling Conference was held before this Court, and a discovery schedule was set: initial disclosures were due by March 31, 2016, with discovery to close and motions for summary judgment due on November 24, 2016. (Docket #47).

On March 29, 2016, the defendants sent the plaintiff their initial disclosures. (Docket #53). On March 31, 2016, the defendants served the plaintiff with First Set of Interrogatories and First Request for Production of Documents via regular mail, postage prepaid. (Id.). On June 2, 2016, the defendants sent correspondence via email and first class mail to the plaintiff regarding the overdue discovery. (Id.). On June 8, 2016, the plaintiff responded via email to counsel for the defendants and stated he hoped to have the discovery complete over the next few days. (Id.). On June 13, 2016, the plaintiff again emailed counsel for the defendants and requested extra time to fulfill his discovery obligations due to personal problems that had arisen. (Id.) Counsel for the defendants agreed that the plaintiff could have until June 24, 2016 to produce the overdue discovery, but would be resorting to motion practice if the discovery had not been produced by that final deadline. (Id).

On June 27, 2016, the defendants filed a motion to compel discovery. (Docket #53). On July 28, 2016, the defendants filed a motion to dismiss for failure to prosecute. (Docket #54). On July 29, 2016, this Court denied the motion to compel discovery "without prejudice to its renewal supported by the discovery requests sought to be enforced." (Docket #56). Also on July 29, 2016, the Court denied the defendants' motion to dismiss for failure to prosecute without prejudice "to tis [sic] renewal should initial disclosures not be made within 10 days of the date of this order or should other required discovery not be made." (Docket #57).

On August 1, 2016, the defendants renewed their motion to compel, along with the discovery requests as ordered by the Court. (Docket #58).

Ten days has passed since the Court's order and the defendants have not received any discovery (initial disclosures or answers and responses to written discovery) from plaintiff. Thus, defendants now renew their motion to dismiss for failure to prosecute as the plaintiff has failed to comply with an order from this Court regarding discovery.

## II. Argument

A. The Court Should Exercise Its Discretion Under Rule 41(b) To Dismiss Plaintiff's Complaint For Failure To Comply With Court Orders And Refusal To Engage In Discovery.

The Plaintiff's Complaint should be dismissed for his failure to serve automatic discovery disclosures and respond to the defendants' written discovery. A litigant's pro se status does not absolve him or her from the Federal Rules of Civil Procedure. United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992), *quoting* Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir. 1991). Further, a litigant's pro se status does not excuse his failure to comply with a scheduling order of the court nor relieve that person from the consequences of such failure. FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994). Thus, pro se litigants, such as the plaintiff in this matter, are held to the same standard as practicing members of the bar and subject to appropriate sanctions under the Federal Rules of Civil Procedure.

Under Rule 41(b), a defendant may move to dismiss any claim against it if the plaintiff fails to prosecute or to comply with court rules or a court order. *See* Fed.R.Civ P. 41(b). The purpose of Rule 41(b) is the prevention of undue delays in the disposition of pending cases and avoidance of docket congestion in the district courts. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). The authority of a federal trial court to dismiss a plaintiff's action for lack of prosecution is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link

v. Wabash R. Co., 370 U.S. 626, 629-30 (1962). For this reason, courts must be given considerable leeway in exercising their power to dismiss claims from noncompliant or uninterested litigants. *See* HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988) ("courts cannot function if litigants may, with impunity, disobey lawful orders").

While a trial on the merits of a plaintiff's claim is favored, the sanction of dismissal is appropriate where a plaintiff's misconduct is extreme. Enlace Mercantil International, Inc. v. Senior Indus. Inc., 848 F.2d 315, 317 (1st Cir. 1998) (defining "extreme misconduct" as either "extremely protracted inaction, disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance ... and the wasteful expenditure of a significant amount of a district court's time"). When a party disobeys court orders, that action, in and of itself, constitutes extreme misconduct and warrants dismissal. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712-13 (1st Cir. 1977) (determining Rule 41(b) dismissal was appropriate given plaintiffs' noncompliance with order to file affidavits of witnesses, even though case had been pending less than four months); *see* Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("disobedience of court orders is inimical to the orderly administration of justice and can constitute extreme misconduct"). Furthermore, scheduling orders are essential tools in the trial court process and a party's disregard for such orders disrupts the orderly disposition of cases. Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002), *citing* Rosario-Diaz v. Gonzales, 140 F.3d 312, 315 (1st Cir. 1998) ("a litigant who ignores a case-management deadline does so at his own peril").

In the present case, the Court set a deadline for automatic discovery disclosures, March 31, 2016. The plaintiff has not complied and has not served automatic discovery disclosures on

the defendants. Furthermore, the plaintiff has outstanding discovery (both Answers to Interrogatories and Responses to Request for Production of Documents) due to the defendants, which were sent to the plaintiff on March 31, 2016. Notwithstanding the fact that the written discovery was due to the defendants on May 16, 2016 and the plaintiff never sought an extension, the defendants corresponded with the plaintiff and agreed to an extension until June 24, 2016 for the written discovery. Though the plaintiff assured the defendants that written discovery was forthcoming, as of the date of this filing, the defendants have not received any response to the written discovery propounded on the plaintiff. On July 29, 2016, the Court set a deadline of a further ten days for the plaintiff to make his initial disclosures. (Docket #57).

The plaintiff has failed to comply with both the Court's scheduling order as the automatic discovery disclosures –and the newest order from July 29, 2016 allowing the plaintiff ten days to make his initial disclosures—and has refused to engage in discovery; such inaction can reasonably be construed as the "plaintiff's lack of interest in vindicating whatever rights [he] might have had." Zavala Santiago, 553 F.2d at 713. This noncompliance not only delays the pending case, but also demonstrates the plaintiff's unwillingness to cooperate with the Court's specific deadlines. Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 2003); Rosario-Diaz, 140 F.3d at 315 (emphasizing a party's "unflagging duty to comply with clearly communicated case-management orders"). Thus, the plaintiff has caused unnecessary delay in this pending matter and failed to comply with the Court's orders. As such, the plaintiff's misconduct is extreme and the Plaintiff's Complaint should be dismissed.

## III. Conclusion

WHEREFORE, Defendants respectfully request that the Court dismiss this case as the Plaintiff has failed to meet his discovery obligations, failed to comply with this Court's scheduling order as to discovery, and failed to prosecute this matter.

Respectfully submitted,
DEFENDANTS,
By their attorneys:

*/s/ Chantelle M. D'Angelo*____________

Douglas I. Louison (BBO #545191)
Email: Dlouison@lccplaw.com
Chantelle M. D'Angelo (BBO #688165)
Email: Cdangelo@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
617-439-0305
FAX: 617-439-0325

Date: August 9, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: August 9, 2016 *____/s/ Chantelle M. D'Angelo______*
Chantelle M. D'Angelo