**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NEAL F.X. KIMBALL,**<br>Plaintiff,<br><br>v.<br><br>**TOWN OF PROVINCETOWN,**<br>**OFFICER SCOTT D. CHOVANEC,**<br>**CHIEF OF POLICE JEFF D. JARAN,**<br>Defendants. | **C.A. No. 1:14cv14391-WGY** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

NOW COMES the Plaintiff, Neal F. X. Kimball, in opposition to the Defendant's renewed motion to dismiss for failure to prosecute under Rule 41(b). As grounds therefor, the Plaintiff relies on this Memorandum of Law, together with the facts outlined in the accompanying Affidavit.

## MEMORANDUM OF LAW

Rule 41(b)(2)(B) provides that, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b)(2)(B), Fed. R. Civ. P. It is well established that a case may generally be dismissed for lack of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 629 (1962). Despite this broad authority to dismiss, there is a "strong policy favoring the disposition of cases on the merits." Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1stCir. 1988).

In deciding whether to dismiss the case, the court must attempt to "fairly balance the court's venerable authority over case management with the larger concerns of justice." Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 43-44 (1st Cir. 2007). "[F]airness requires that some limits be placed on" the use of dismissal as a sanction. Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1076 (1stCir. 1990). Moreover, unconditional dismissal with prejudice is a "harsh" and "severe" outcome. Enlace Mercantil, 848 F.2d at 317. In order to justify dismissal, the failure to prosecute or comply with court

orders pursuant to Rule 41 must be "extreme." Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1stCir. 1971).

"Dismissal with prejudice is a harsh sanction, which runs counter to [the federal courts'] strong policy favoring the disposition of cases on the merits." Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990) (quotations and citations omitted). Consequently, "such an option should be employed only when a plaintiff's misconduct has been extreme." Id. As the Figueroa Ruiz Court explained:

> [a] finding of extreme misconduct is warranted in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance such as prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time. Id. at 648 (quotations, citations and punctuation omitted). Id.

The case at bar does not fit this mold. Indeed, the Defendants have not indicated any prejudice or harassment that has arisen as a result of the current delays.

"Ordinarily, the plaintiff is given an opportunity to explain the default or argue for a lesser penalty; but . . . there is no mechanical rule." Robson v. Hallenbeck, 81 F.3d 1, 3 (1stCir. 1996) (*citing* Link v. Wabash R. Co., 370 U.S. at 632).

In the instant case, as detailed in the Plaintiff's accompanying Affidavit, well before the Scheduling Conference that was held on March 24, 2016, the Plaintiff recognized and feared a substantial risk of delay that was beyond his control. (Pl. Affadavit). He attempted to mitigate said risk by alerting opposing counsel, and signaled his intent to notify the Court:

> "I intend to inform the judge that in addition to my unenviable and disadvantaged position as a *pro se* plaintiff, I am at present the primary caregiver for my parents, both of whom are in their 90's, and both of whom are in declining health. As such, I feel that the schedule, *especially in the upcoming calendar quarter, is too aggressive*. […] I'd rather not be strong-armed into a schedule that may or may not be reasonable given the circumstances." (emphasis added). (Id.).

However, the Plaintiff's opportunity to voice his concerns before this Honorable Court at the Scheduling Conference was thwarted – *not* by the intent nor fault of any single party, but rather, by the accumulation of a long stream of communication errors. (Id.) These are detailed in my accompanying

Affidavit, which is incorporated by reference herein.

The sanction of dismissal is ordinarily "reserved for cases of 'extremely protracted inaction (measured in years).' " Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1stCir. 2006) (*citing* Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)). In the instant case, "extremely protracted inaction" is lacking. In an analogous case, Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49 (1st Cir. 2003), the plaintiff caused a four month delay when she discharged her counsel. "The First Circuit in Pomales found that the four month delay was neither long nor burdensome enough to merit dismissal. The similar delay in the case at bar is likewise neither long nor burdensome, and falls well short of an extreme failure to prosecute." Saltzman v. Town of Hanson, Civil Action No. 11-10056-MBB (D. Mass. Oct. 25, 2011).

Respectfully submitted,

PLAINTIFF

Date: August 23, 2015

*/s/ Neal F. X. Kimball, pro se*

Neal F.X. Kimball, *pro se*
49 Bayberry Avenue
Provincetown, MA 02657
Email: nfxk135@gmail.com
(508) 654-3176

**CERTIFICATE OF SERVICE**

I, Neal F.X. Kimball, hereby certify that on the below date, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that I have caused paper copies to be mailed, postage prepaid, directed to those indicated as non-registered participants, if any.

Date: August 23, 2015

*/s/ Neal F.X. Kimball, pro se*
Neal F.X. Kimball, *pro se*