**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NEAL F.X. KIMBALL,**<br>Plaintiffs<br><br>v.<br><br>**OFFICER SCOTT D. CHOVANEC, CHIEF OF POLICE JEFF D. JARAN**,<br>Defendants | **C.A. No. 1:14-cv-14391 WGY** |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

NOW COME the Defendants and hereby reply to Plaintiff's opposition to the Defendants' motion to dismiss.

While the circumstances the Plaintiff outlines in his affidavit [Docket #62] may solicit sympathy, they do not entitle him to refuse to engage in discovery or ignore this Court's explicit orders. While he spends much of his affidavit addressing the scheduling conference and the proposed scheduling order, neither is the basis for the Defendants' motion to dismiss. Instead, it is the Plaintiff's outstanding initial disclosures and written discovery that triggered the Defendants' motion to dismiss. As more fully set-forth in their memorandum in support of the Defendants' motion to dismiss [Docket #60], written discovery was propounded on the Plaintiff on March 31, 2016. Almost five months have passed and the Plaintiff has not responded to the written discovery.

This Court extended the Plaintiff another chance to serve initial disclosures and written discovery timely by ordering on July 29, 2016 for both initial disclosures and other required

discovery be made within ten (10) days of that Order. [Docket #57]. The Plaintiff failed to comply with that order; thus, the Defendants filed a renewed Motion to Dismiss. [Docket #59].

The Plaintiff has failed to comply with multiple deadlines and this Court's orders regarding discovery, which warrants the dismissal of the one-count[1] Complaint as that disobedience "constitutes extreme misconduct and warrants dismissal." Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712-13 (1st Cir. 1977); *see* Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("disobedience of court orders is inimical to the orderly administration of justice and can constitute extreme misconduct"). Though the Plaintiff asserts in his Opposition that the Defendants have not been prejudiced as a result "of the current delays", the Defendants refute that assertion. Instead of engaging in discovery and preparing a dispositive motion to address the claim, the Defendants have sent multiple correspondences to the Plaintiff regarding his outstanding discovery and have had to turn to this Court for relief as the Plaintiff simply stopped responding to the Defendants. Further, the Defendants continue to incur attorney's fees in the pursuit of these matters. Notwithstanding the Plaintiff's assurance in his Oppositions that his initial disclosures are complete, the Defendants remain without any discovery responses from the Plaintiff, with discovery set to close and summary judgement motions due on November 24, 2016.

For the reasons set forth more fully in the Defendants' Motion to dismiss for Failure to Prosecute and supporting Memorandum of Law, the Defendants respectfully request this Honorable Court dismiss with prejudice all counts and claims asserted against them.

---

[1] On January 26, 2016, in deciding the Defendants' Motion to Dismiss, this Court ruled: For the aforementioned reasons, except as to Kimball's claim under Section 1983 based on an unreasonable seizure, this Court GRANTS the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. [Docket #35].

Respectfully submitted,

DEFENDANTS,
By their attorneys:

*/s/ Chantelle M. D'Angelo*
Douglas I. Louison (BBO #545191)
Email: Dlouison@lccplaw.com
Chantelle M. D'Angelo (BBO #688165)
Email: Cdangelo@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
617-439-0305
FAX: 617-439-0325

Date: August 25, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: August 25, 2016 *\/s/ Chantelle M. D'Angelo*
Chantelle M. D'Angelo