**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NEAL F.X. KIMBALL,**<br>Plaintiffs<br><br>v.<br><br>**OFFICER SCOTT D. CHOVANEC, CHIEF OF POLICE JEFF D. JARAN**,<br>Defendants | **C.A. No. 1:14-cv-14391 WGY** |

**DEFENDANTS' RENEWED MOTION TO DISMISS WITH PREJUDICE AS PLAINTIFF HAS FAILED TO MEET THE CONDITIONS SET BY THIS COURT IN ITS ORDER OF JANUARY 4, 2017**

NOW COME the Defendants and hereby move the Court to dismiss the instant action with prejudice as plaintiff has failed to meet the conditions set by this Court in its Order dated January 4, 2017. (Docket #86).

In its Order, the Court allowed the Defendants' motion to compel, stating that "the plaintiff, Neal F. X. Kimball, is hereby ordered to produce his responses to Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents (save for requests 5, 8 and 12, which are overbroad) within ten (10) days of this Order. Furthermore, Mr. Kimball is also ordered to produce his Initial Disclosures within ten (10) days of this Order. Failure to strictly comply with this order will result in dismissal of this action."

On January 17, 2017, the Defendants received Plaintiff's purported answers to interrogatories and responses to requests for the production of documents, however, plaintiff's responses are inadequate and do not provide sufficient responses to Defendants' requests. (See

Plaintiff's Responses, Exhibit 1). For example, Plaintiff did not provide sufficient answers[1] to Interrogatory numbers 3, 4, 5, 9, 13, 15, 17, 18, 21, 22. (*See* id.). Additionally, Plaintiff failed to produce the medical records requested in Requests numbers 1 and 2 of Defendants Requests for the production of documents. (*See* id. pg 14). Further, Plaintiff, incorrectly citing Local Rule 35.1(A)(2)(b), provided medical releases for Outer Cape Health Services and Cape Cod HealthCare. (*See* id.). Plaintiff's attachment of medical releases to his responses does not relieve him of his responsibility to obtain and produce the requested records to Defendants especially at this stage of litigation. Additionally, Plaintiff neither provided records or releases for two of his psychiatric doctors, Dr. Djordje[2] and Dr. Ruble. (*See* id. at pgs 5-6).

When a party disobeys court orders, that action, in and of itself, constitutes extreme misconduct and warrants dismissal. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712-13 (1st Cir. 1977). A litigant who ignores a case-management deadline does so at his own peril. Rosario-Diaz v. Gonzales, 140 F.3d 312, 315 (1st Cir. 1998). This issue with Plaintiff's failure to respond to discovery has had a long, well-documented history before this Court. Discovery requests were initially sent out in March 2016, Defendants have filed two motions to compel (Dockets 58, 84), and yet still have not received sufficient materials. Plaintiff's failure to adequately respond to the Defendants' discovery requests has severely prejudiced the Defendants throughout this entire case. Previous depositions have shown that Plaintiff has a long history of anxiety and depression. Additionally, Plaintiff in his complaint, attributes acute stress, insomnia, anxiety, his 2013 heart attack, and stress-induced spasm of the interstitial muscle, to the events alleged in his complaint. (*See* Docket # 19, Pltf Complaint, at ¶ 80, 81). Simply put, Plaintiff's

---

[1] It should be noted that in several of the referenced inadequate answers to interrogatories, Plaintiff provided text in his response section, however, the answers he provided either objected to the question or did not answer the specific question asked.

[2] The defendants acknowledge that Dr. Djordje died in December 2015, however, Plaintiff still should be able to get copies of these medical records as most physicians make postmortem arrangements for their practices.

past medical history is at the crux of damages in this case and it is Plaintiff's responsibility to produce the requested records. Discovery is closing on January 24, 2017, and Defendants are unduly prejudiced by Plaintiff's failure to produce the requested records because an analysis of Plaintiff's medical records is essential to defending damages claims in this action.

WHEREFORE, the defendants respectfully request that the Court enforce its order dated January 4, 2017 (Docket #86) and dismiss this action with prejudice as once again the plaintiff has failed to meet his discovery obligations, failed to comply with this Court's order, and failed to prosecute this matter.

Respectfully submitted,

DEFENDANTS,
By their attorneys:

*/s/ Douglas I. Louison*

Douglas I. Louison (BBO #545191)
Email: Dlouison@lccplaw.com
Alexandra R. Hassell (BBO #694480)
Email: ahassell@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA 02110
617-439-0305
FAX: 617-439-0325

Date: January 18, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: January 18, 2017 *_/s/ Douglas I. Louison_*
Douglas I. Louison